SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
-------------------------------------------------------------------- X
MATTHEW LAWRENCE, on behalf of himself and all  :  Index No.:
others similarly situated,
                                                :
          Plaintiffs,
                                                :
    -against-
                                                :
GRANITE SERVICES INTERNATIONAL, INC., and
FIELDCORE SERVICE SOLUTIONS, LLC,               :  **CLASS ACTION COMPLAINT**

          Defendants.                           :
-------------------------------------------------------------------- X

S‍UMMARY

1. Matthew Lawrence (Lawrence) and other workers like him, were not paid overtime as required by the New York Labor Law (NYLL) for work they performed for Defendant Granite Services International, Inc. (Granite), which recently rebranded to become Defendant FieldCore Service Solutions International, LLC (FieldCore) (collectively, "Defendants").

2. Lawrence and the similarly situated straight time employees are those Defendants' employees who worked in New York and were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek.

3. Defendants did not pay Lawrence a salary.

4. Defendants did not guarantee Lawrence a salary.

5. Defendants did not pay Lawrence overtime.

6. Lawrence and the other straight time employees are similarly situated for the purposes of the NYLL.

7. Lawrence brings this action on behalf of himself and similarly situated straight time employees in New York to remedy violations of the NYLL.

8. Lawrence seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to NYLL, Article 6, §§ 190 *et seq.*

10. Venue is proper in this Court pursuant to C.P.L.R. § 503(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Lawrence worked for Defendants in this County.

## THE PARTIES

11. Lawrence is an adult individual who is a resident of the State of Texas.

12. At all relevant times, Defendants were Lawrence's employer as defined in the NYLL.

13. Lawrence worked as an Insulation Lead for Defendants from August 2017 until March 2019.

14. From September 2018 until January 2019, Lawrence worked in Onondaga County and Madison County.

15. While working for Defendants, Lawrence was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

16. Lawrence performed day-to-day quality assurance assessments for Defendants on new construction projects.

17. Lawrence would review the installation of insulation at different job sites.

18. Lawrence reported his hours to Defendants.

19. Lawrence received a paycheck from Defendants.

2

20. Lawrence brings this action on behalf of himself and all other similarly situated employees paid straight time for overtime working for Defendants in New York.

21. Lawrence seeks certification of a class to remedy Defendants' violations of the NYLL.

22. The class of similarly situated employees sought to be certified as a class action under the NYLL is defined as:

> **All employees of FieldCore and Granite who worked in New York during the past 6 years who were paid straight time for overtime (the "New York Class").**

23. The New York Class members are easily ascertainable from Defendants' business and personnel records.

24. Defendants perform field service operations throughout the nation, including in New York.

25. To perform these services, Defendants hire employees like Lawrence.

26. Defendants may be served with process by serving CT Corporation System, 28 Liberty Street, New York, New York, 10005.

27. At all relevant times, Defendants were an employer within the meaning of the of the NYLL

28. At all relevant times, Defendants have had and has an annual gross volume of sales made or business done of at least $1,000,000.

THE FACTS

29. Defendants paid Lawrence according to their "straight time for overtime" policy.

30. Defendants set Lawrence's schedule.

31. Lawrence was paid by the hour.

32. Lawrence was paid $38 per hour for all hours approved by Defendants.

33. Lawrence regularly worked more than 40 hours in a week.

3

34. Lawrence routinely worked 60 – 70 hours a week.

35. For example, if Lawrence worked 70 hours in a workweek, he would have been paid his standard hourly rate of $38 for all 70 hours.

36. Within the past 6 years, Defendants employed Lawrence in New York during at least one week in which he worked more than 40 hours.

37. Upon information and belief, Defendants employed more than 100 straight time employees in New York in the last 6 years.

38. The hours Lawrence and the New York Class worked are reflected in Defendants' payroll records, which have or should have been maintained by Defendants in the ordinary course of business.

39. Defendants paid Lawrence and the New York Class the same hourly rate for all hours worked, including for those hours in excess of 40 hours in a single workweek.

40. Lawrence and the New York Class did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for Defendants.

41. Rather than receiving time and half as required by the NYLL, Lawrence and the New York Class only received "straight time" pay for overtime hours worked.

42. This "straight time for overtime" payment scheme violates the NYLL.

43. Defendants paid Lawrence and the New York Class on an hourly basis.

44. Defendants never guaranteed Lawrence and the New York Class a minimum weekly salary irrespective of days or hours worked.

45. Defendants did not pay Lawrence and the New York Class on a salary basis.

46. Defendants were aware of the overtime requirements of the NYLL.

47. Nevertheless, employees like Lawrence and the New York Class did not receive overtime while working for Defendants.

4

## CLASS ACTION ALLEGATIONS

48. The illegal pay practices imposed on Lawrence were imposed on members of the New York Class.

49. Lawrence brings the First Cause of Action, an overtime claim under the NYLL, on behalf of himself and the New York Class.

50. The illegal straight time for overtime policy Defendants imposed on Lawrence was likewise imposed on the New York Class.

51. The members of the New York Class were victimized by the straight time for overtime policy, which is in violation of the NYLL.

52. Defendants regularly assigned members of the New York Class to work away from their homes.

53. Based on his experiences and tenure with Defendants, Lawrence is aware that Defendants' illegal practices were imposed on other members of the New York Class.

54. The New York Class was denied overtime when they worked more than 40 hours per week.

55. Defendants' failure to pay overtime at the rates required by NYLL results from a generally applicable, systematic policy, which is not dependent on the personal circumstances of the New York Class.

56. Lawrence's experiences are, therefore, typical of the experiences of the New York Class.

57. The specific job titles or precise job locations of the various members of the New York Class do not prevent class treatment.

5

58. Lawrence has no interests contrary to, or in conflict with, the New York Class that would prevent class treatment.

59. Like each member of the New York Class, Lawrence has an interest in obtaining the unpaid overtime wages owed under state law.

60. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61. Absent a class, many members of the New York Class will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the NYLL.

62. Furthermore, even if some of the New York Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

63. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the New York Class and provide for judicial consistency.

64. The questions of law and fact common to each member of the New York Class predominates over any questions affecting solely the individual members.

65. Among the common questions of law and fact are:

    a. Whether Defendants employed the members of the Class within the meaning of the NYLL;

    b. Whether Defendants' violation of the NYLL resulted from a continuing course of conduct;

    c. Whether Defendants' decision to pay straight time for overtime to the straight time workers was made in good faith;

    d. Whether Defendants' decision to not pay time and a half for overtime to the members of the New York Class was made in good faith;

    e. Whether Defendants paid members of the New York Class on a salary basis; and

6

    f.    Whether Defendants' illegal pay practice applied to the New York Class.

66. Lawrence and the New York Class sustained damages arising out of Defendants' illegal and uniform employment policy.

67. Lawrence knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

68. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendants' records and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

69. Defendants are liable under the NYLL for failing to pay overtime to Lawrence and the New York Class.

70. Consistent with Defendants' straight time for overtime policy, Lawrence and members of the New York Class were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

71. As part of a regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the NYLL with respect to Lawrence and members of the New York Class.

72. Defendants' illegal straight time for overtime policy deprived Lawrence and the New York Class of the premium overtime wages they are owed under the NYLL.

73. Defendants were aware, or should have been aware, that NYLL required them to pay Lawrence and members of the New York Class overtime premiums for all hours worked in excess of 40 per workweek.

74. Numerous individuals were victimized by this pattern, practice, and policy which is a violation of the NYLL.

7

75. Numerous straight time employees who worked with Lawrence in New York were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state wage laws.

### FIRST CAUSE OF ACTION – NYLL OVERTIME WAGES
### (BROUGHT ON BEHALF OF LAWRENCE AND THE NEW YORK CLASS)

76. Lawrence realleges and incorporates by reference all allegations in all preceding paragraphs.

77. The overtime provisions of the NYLL and its supporting regulations applies to Defendants and protects Lawrence and the New York Class.

78. Defendants failed to pay Lawrence and the New York Class the premium overtime wages to which they were entitled under the NYLL – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

79. Through its knowing or intentional failure to pay Lawrence and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Defendants willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

80. Due to Defendants' violations of the NYLL, Lawrence and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

### SECOND CAUSE OF ACTION – NYLL PROPER ANNUAL WAGE NOTICES
### (BROUGHT ON BEHALF OF LAWRENCE AND THE NEW YORK CLASS)

81. Lawrence realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants have failed to furnish Lawrence and the New York Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language

8

identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83. Due to Defendants' violations of NYLL, Article 6, § 195(1), Lawrence and the New York Class are entitled to statutory penalties of fifty dollars each workday that Defendants failed to provide Lawrence and the New York Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

**THIRD CAUSE OF ACTION – NYLL ACCURATE WAGE STATEMENTS**
**(BROUGHT ON BEHALF OF LAWRENCE AND THE NEW YORK CLASS)**

84. Lawrence realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants failed to supply Lawrence and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if

9

applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

86. Due to Defendants' violations of NYLL, Article 6, § 195(3), Lawrence and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

**PRAYER**

87. Lawrence, individually, and on behalf of himself and the New York Class, respectfully requests that this Court grant the following relief:

a. For an Order appointing Lawrence as representative and his counsel to represent the interests of the New York Class;

b. Certification of the New York Class;

c. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Lawrence and the New York Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

d. Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Lawrence and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Dated:     New York, New York
           March 16, 2021

                                        Respectfully submitted,

                                        **s/Andrew R. Frisch**
                                        Andrew R. Frisch
                                        Florida Bar No.: 27777
                                        Morgan & Morgan, P.A.
                                        8151 Peters Road, Suite 4000
                                        Plantation, FL 33324
                                        Direct Tel.:    (954) 318-0268
                                        Facsimile:     (954) 327-3013
                                        Email:  afrisch@forthepeople.com
                                        *ATTORNEY FOR PLAINTIFF*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

MATTHEW LAWRENCE, on behalf of himself and all others similarly situated,

       Plaintiff(s),

-against-

GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICE SOLUTIONS, LLC,

       Defendant(s).

Index No.

𝔖𝔲𝔪𝔪𝔬𝔫𝔰

Date Index No. Purchased:

To the above named Defendant(s)

FIELDCORE SERVICE SOLUTIONS, LLC
c/o CT Corporation System
289 S Culver Street
Lawrenceville, Georgia 30046-4805

 You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

 The basis of venue is conduct complained of occurred within the judicial district in and for Onondaga County which is the county in which Plaintiff resides.

Dated: March 16, 2021

       MORGAN & MORGAN, P.A.

       by  /s/ Andrew R. Frisch
       Andrew R. Frisch
       Attorneys for Plaintiff

       Matthew Lawrence, Plaintiff
       Florida Bar No.: 27777
       Morgan & Morgan, P.A.
       8151 Peters Road, Suite 4000
       Plantation, FL 33324
       Direct Tel.: (954) 318-0268
       Facsimile: (954) 327-3013
       Email: afrisch@forthepeople.com
       ATTORNEY FOR PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

MATTHEW LAWRENCE, on behalf of himself and all others similarly situated,

                             Plaintiff(s),

-against-

GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC,

                             Defendant(s).

Index No.

**Summons**

Date Index No. Purchased:

To the above named Defendant(s)

GRANITE SERVICES INTERNATIONAL, INC.
c/o CT Corporation System
289 S Culver Street
Lawrenceville, Georgia 30046-4805

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is conduct complained of occurred within the judicial district in and for Onondaga County which is the county in which Plaintiff resides.

Dated: March 16, 2021

MORGAN & MORGAN, P.A.

by /s/ Andrew R. Frisch
Andrew R. Frisch
Attorneys for Plaintiff

Matthew Lawrence, Plaintiff
Florida Bar No.: 27777
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Direct Tel.: (954) 318-0268
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com
ATTORNEY FOR PLAINTIFF